GORI, Respondent, v. HEALY, Appellant. (City Court of New York, General Term. December, 1901.) Action by Raffaello Gori against Edward J. Healy. Louis Levy, for appellant. William J. Fanning, for respondent.

FITZSIMONS, C. J. This is an action for damages for the wrongful taking and conversion of personal property. The plaintiff claims that he purchased the converted property from Ciani Bros. on July 7, 1898; that it was removed to a small store, at No. 605 Water street, on July 8th, 9th, 10th, 11th; that shortly after such sale Ciani left for Italy and failed in business. It also appears that Ciani Bros. purchased the goods in question from one Chevallier, who sued Ciani for the value thereof, obtained an attachment, and sold the goods under the execution in question. The defendant, being a city marshal, seized the goods and sold them under execution. Thus this action against him. The main issue in the case was, "Did plaintiff own these goods, or was the sale a mere blind, and made for the purpose of defrauding Ciani's creditors, or was there any sale at all?" The plaintiff sustains his contention by his own evidence; also a bookkeeper formerly in Ciani's employ. The plaintiff did not know where the goods were when he bought them, and paid $975 for them. He had not examined or sampled the goods. Instead of being on a dock, where plaintiff supposed them to be, the goods were in two storage warehouses. The driver of one of the trucks, employed to remove the goods to plaintiff's warehouse, as he chooses to call it, was requested to keep his mouth closed. Plaintiff

was a judge of wines. He testified that he was a salesman, and also contemplated going into the wine business on his own account. He received the goods at his own warehouse, which consisted of a small store and cellar. The store was damp, and the cellar contained a great deal of water. Such a storage place was an extremely bad one to store wines in. Besides, it appears that most of the barrels of wines were placed standing on their heads, instead of being laid down on their sides,— a very bad way to keep them. Then, after plaintiff had learned that his goods were taken by the sheriff or marshal, he never made an honest or earnest attempt to find them. Apparently he was willing to let them be sold and then sue for their value. These facts and circumstances, with many others that appear in the appeal record, convince me that there was no bona fide sale of the goods to plaintiff by Ciani, and that at the time of the seizure they were really Ciani's goods. At least, defendant being a public officer, not wishing to do anything wrong in this matter, should have an opportunity, in the interest of justice, to have a retrial herein, because of the suspicious facts and circumstances surrounding this case. The judgment is reversed, and a new trial ordered, with costs to appellant to abide event of action.

HASCALL, J., concurs.

GOTT, Respondent, v. ERIE R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by Joseph W. Gott, as administrator, etc., of Anton Slach, deceased, against the Erie Railroad Company. No opinion. Judgment and order affirmed, with costs.

GRAVES, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by Norman K. Graves, as administrator, etc., against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the verdict to the sum of $7,000, in which event the judgment and order, as so modified, affirmed, without costs of this appeal to either party.